UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

Edward C. Bell,
                      Plaintiff,

                                                        **Hon. Hugh B. Scott**

                      v.                                  03CV029S

                                                        **Order**

Chemung County, et al.
                      Defendant.
_____

       Before the Court is the defendants' motion for summary judgment (Docket No. 28).

**Background**

       The plaintiff, Edward Bell ("Bell"), brings this action alleging that his civil rights pursuant to 42 U.S.C. §1983 were violated. More specifically, Bell asserts that while he was a pretrial detainee at Chemung County Jail on April 19, 2001, he slipped on a wet spot as he left the shower area resulting in an injury. The plaintiff claims that the fall caused him to be hospitalized for two weeks and resulting in various injuries – rheumatic pain, urination problems, incontinence, erection problems; pain in right knee; lameness and numbness in feet. Bell claims that the failure to properly maintain shower area constitutes a violation of his equal protection rights. (Docket No. 1 at ¶ 10).

       As a second claim for relief, Bell alleges that when he was being discharged from the hospital on May 3, 1001, Deputy Sheriff Peseski ("Peseski")forcefully removed plaintiff from a

wheelchair and placed him on the back seat of the Sheriff's car causing pain. The plaintiff asserts that the back seat of the vehicle was too cramped for his 6'6", 263 pound frame. (Docket No. 1 at ¶ 11). As a third claim, Bell asserts that Corrections Officer Kelvin Smith ("Smith")[1] violated his rights by pulling him across the back seat of the vehicle and by directing Peseski to push the plaintiff's legs into the car. (Docket No. 1 at ¶ 12).

In his fourth claim, Bell asserts that Nurse Ann McGonigal ("McGonigal") denied him the use of a walker and a medially proscribed catheter on May 3rd and 4th of 2001. (Docket No. 1 at ¶ 13). As a fifth claim, Bell contends that on May 4, 2001, Nurse Seven Miller ("Miller") refused to administer a prescription for "Darvocet" as well as denied him the use of the catheter and walker. (Docket No. 1 at ¶ 14). In his sixth claim, the plaintiff alleges that on June 7, 2001, Lieutenant John Hamla ("Hamla") misled the Onondaga Sheriff as to plaintiff's medical condition which resulted in his being forced into the back seat of another Sheriff vehicle. (Docket No. 1 at ¶ 15). For the basis of his seventh claim, Bell claims that on May 25, 2001 and June 1, 2001, McGonigal refused to answer plaintiff's medical request which included a request for an extra pillow and mattress to alleviate the stress of trying to lay in an undersized bed. (Docket No. 1 at ¶ 16). As his eighth claim, Bell asserts that on three occasions (July 18, 2001, July 20, 2001, and July 30, 2001), Dr. John A. Alves ("Alves") refused to treat Bell after he experienced an involuntary urination on himself. (Docket No. 1 at ¶ 17). Finally, as his ninth claim, the plaintiff asserts that on May 5, 2001 and June 10, 2001, the Chemung County Jail did

---

[1] Sued as Sheriff Calvin Smth.

not have a grievance hearing procedure[2] which would allow him to grieve the actions that deprived him of his rights (Docket No. 1 at ¶ 18).[3]

The defendants move for summary judgment.

**Standard of Review**

Summary judgment is appropriate where there are no issues of material fact in dispute, and the moving party is entitled to judgment as a matter of law.  See Trans Sport, Inc. v. Starter Sportswear, Inc., 964 F. 2d 186, 188 (2nd Cir. 1992) citing Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991).  The court must draw all reasonable inferences in favor of the non-moving party and grant summary judgment only if no reasonable trier of fact could find in favor of the non-moving party. See Taggart v. Time Inc., 924 F.2d 43, 46 (2d Cir.1991); Howley v. Town of Stratford, 217 F.3d 141 (2nd Cir. 2000). However, the non-moving party must, "demonstrate to the court the existence of a genuine issue of material fact." Lendino v. Trans Union Credit Information, Co., 970 F.2d 1110, 1112 (2nd Cir. 1992), citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  A fact is material:

> when its resolution would "affect the outcome of the suit under the governing law" and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict

---

[2] In this same allegation, the plaintiff asserts that he filed three grievances but never received a response to the grievances. (Docket No. 1 at ¶ 18).

[3] This claim, which is asserted solely against the Chemung County Jail, has been effectively dismissed pursuant to District Judge Charles J. Siragusa's February 4, 2003 Order which dismissed the complaint as to Chemung County. (Docket No. 4).  In any event, the record reflects that the Chemung County Jail had a grievance procedure in place at the time Bell was detained at the facility and that Bell utilized the procedure on multiple occasions. (Docket No. 28, Exhibit I).

for the non-moving party."

General Electric Company v. New York State Department of Labor, 936 F.2d 1448, 1452 (2nd Cir. 1991), quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "The non-moving party must come forward with enough evidence to support a jury verdict ... and the ... motion will not be defeated merely ... on the basis of conjecture or surmise." Trans Sport, supra, 964 F.2d at 188, quoting Bryant v. Maffucci, supra. If undisputed material facts are properly placed before the court by the moving party, those facts will be deemed admitted, unless they are properly controverted by the non-moving party." Glazer v. Formica Corp., 964 F.2d 149, 154 (2nd Cir. 1992), citing Dusanenko v. Maloney, 726 F.2d 82 (2nd Cir. 1984). The Court's responsibility in addressing a summary judgment motion is identifying factual issues, not resolving them. See Burger King Corp. v. Horn & Hardart Co., 893 F.2d 525, 528 (2nd Cir. 1990). However, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Nippon Fire & Marine Ins. Co., Ltd. v. Skyway Freight Systems, Inc., 235 F.3d 53 (2nd Cir. 2000) quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

**Condition of the Shower Floor**

The plaintiff claims that the failure to maintain the shower floor violates his equal protection rights. To maintain such a claim, the plaintiff must demonstrate that based upon some discriminatory animus, he was treated differently from others with no rational basis for the difference in treatment. The plaintiff does not even allege such disparate treatment. Moreover, the plaintiff asserts this claim against Chemung County. (Docket No. 1 at ¶ 10). The plaintiff

presents no evidence that any of the individual defendants were personally involved in, or had a duty to, maintain the shower floor.  Thus, this claim must be dismissed inasmuch as the claims against Chemung County were previously dismissed pursuant to District Judge Siragusa's February 4, 20043 Order.  At best, the plaintiff has asserted a claim of negligence which is not a valid basis for liability under §1983. <u>Iwachiw v. New York State Dept. of Motor Vehicles</u>, 396 F.3d 525, 527 (2d. Cir. 2005).

Thus, the plaintiff's first cause of action is dismissed.

**Excessive Force**

The plaintiff asserts that excessive force was used upon him when he was transported back to the Chemung County Jail after his hospital stay and when he was transported from the jail to the custody of the Onondaga Sheriff.  Because this case arises while Bell was a pretrial detainee, this claim is governed by the Fourth Amendment "reasonableness" standard. <u>Graham v. Connor</u>, 490 U.S. 386, 394-95 (1989); <u>Nimely v. City of New York</u>,  414 F.3d 381, 390 (2d. Cir. 2005); *see also* <u>Brown v. Doe</u>, 2 F.3d 1236, 1242 n. 1 (2d Cir.1993).  The Due Process Clause governs claims arising in the pre-trial detention context. After conviction, the Eighth Amendment serves as the primary source of substantive protection in cases where the deliberate use of force is challenged as excessive and unjustified. <u>Graham</u>, 490 U.S. at 395.

A law enforcement officers' application of force is excessive, in violation of the Fourth Amendment, if it is objectively unreasonable "in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." <u>Graham</u>, 490 U.S. at 397. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, ...

violates the Fourth Amendment" Id. at 396 (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.1973)). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Id. (citing Terry v. Ohio, 392 U.S. 1, 20-22 (1968)). Generally, the force used by a defendant must be more than *de minimis* in order for a plaintiff's claim to be actionable. Id. 490 U.S. at 397; Romano v. Howarth, 998 F.2d 101, 105 (2d Cir.1993). To succeed on a claim of excessive force, plaintiff must put forth evidence that the defendants' conduct was "objectively sufficiently serious or harmful... ." United States v. Walsh, 194 F.3d 37, 50 (2d Cir.1999).

In the instant case, the Court finds that the defendants's conduct, as alleged by the plaintiff (pushing and pulling the plaintiff into the back seat of the Deputy Sheriff's car) was objectively reasonable as a matter of law. The plaintiff has not presented evidence from which a trier of fact could conclude that the defendants' conduct was objectively sufficiently serious or harmful to rise to the level of a constitutional violation.

In light of the above, the plaintiff's second, third and sixth causes of action are dismissed.

**Refusal of Medical Care**

The plaintiff's fourth, fifth, seventh and eighth cause of action allege a failure on the part of defendants McGonigal, Miller and Alves[4] to provide the plaintiff with adequate medical care.

---

[4] It appears that Miller and Alves have never been served with a copy of the summons and complaint and have never appeared in this action. The plaintiff failed to provide the United States Marshal with a correct address for either Miller or Alves. (Docket Nos. 11 and 12). It appears that the plaintiff has taken no other action to serve Miller or Alves. Thus, the claims asserted against those individuals are not justiciable in this action.

The Eighth Amendment outlaws "cruel and unusual punishments." U.S. Const. amend. VIII. "This includes punishments that 'involve the unnecessary and wanton infliction of pain.' " Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir.1998) (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)). See also Hernandez v. Keane, 341 F.3d 137, 144 (2d. Cir. 2003). While "society does not expect that prisoners will have unqualified access to health care," Hudson v. McMillian, 503 U.S. 1, 9 (1992), an inmate can nevertheless prevail on an Eighth Amendment claim arising out of medical care by showing that a prison official acted with "deliberate indifference" to the inmate's serious medical needs. Hathaway v. Coughlin, ("Hathaway I"), 37 F.3d 63, 66 (2d Cir.1994) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)).

This standard incorporates both objective and subjective elements. The objective "medical need" element measures the severity of the alleged deprivation, while the subjective "deliberate indifference" element ensures that the defendant prison official acted with a sufficiently culpable state of mind. Smith v. Carpenter, 316 F.3d 178, 183 -184 (2d. Cir. 2003). To prevail on a constitutional claim of deliberate medical indifference, a plaintiff must prove that he suffered from an objectively serious medical condition, which the defendants knew of and deliberately disregarded. Green v. Senkowski, 2004 WL 1292786, *1 (2nd Cir.  2004) citing Chance, 143 F.3d at 702 (collecting cases). A serious medical condition is one that may result in death, degeneration, or "chronic and substantial pain." Id.; see Hathaway I, 37 F.3d at 66.  This standard contemplates a "condition of urgency, one that may produce death, degeneration, or extreme pain." Nance v. Kelly, 912 F.2d 605, 607 (2d Cir.1990) (Pratt, J., dissenting)). A serious medical need arises where "the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." Chance, 143 F.3d at 702.  To

satisfy the subjective prong of the test, prison officials must have acted with a sufficiently culpable state of mind, i.e., deliberate indifference. Plaintiff must therefore show that prison officials intentionally denied, delayed access to, or intentionally interfered with prescribed treatment. See Estelle, 429 U.S. at 104-05. See also Farmer v. Brennan, 511 U.S. 825, 837 (1994)("[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."). "[T]he subjective element of deliberate indifference 'entails something more than mere negligence ... [but] something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." ' Hathaway II, 99 F.3d at 553 (quoting Farmer, 511 U.S. at 835). Accordingly, subjective recklessness can satisfy the deliberate indifference standard where "the official has actual knowledge that the prisoner faced a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer, 511 U.S. at 847. However, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. Finally, it is well settled that a plaintiff asserting an Eighth Amendment claim based upon inadequate medical care must establish deliberate indifference for each individual defendant against whom the claim is asserted. Brock v. Wright, 315 F.3d 158, 164 (2d Cir.2003)(stating that plaintiff must show deliberate indifference on the part of a "particular defendant").

In paragraph 13 of the Complaint, the plaintiff alleges that McGonigal denied his request for a walker and a catheter.  In paragraph 16, Bell alleges that McGonigal denied him an extra

pillow and mattress. The plaintiff has presented no evidence that he was medically prescribed to have a walker, extra pillow or extra mattress. There is no evidence in the record from which a trier of fact would conclude that these items were needed by the plaintiff to address a serious medical need on the part of the plaintiff.

With respect to the catheter, the record does not reflect what time on May 3, 2001 Bell requested to be provided with the equipment. It appears that at 1:00 p.m., McGonigal contacted Dr. Gibson's office, the physician who treated Bell at the hospital, to obtain information regarding Bell's use of the catheter. In any event, the record reflects that by 4:20 p.m. on May 3, 2001, it was determined that the catheter would be kept at the cell block post "so as to be available when inmate needs it." (Docket No. 28, Exhibit K). Indeed, the plaintiff's response to the instant motion reflects that he was provided with access to the catheter, but that "medical and security staff took those catheters somewhere" and that he could "not use them for hours at a time." The plaintiff presents no evidence attributing this conduct to McGonigal.[5] The plaintiff has not demonstrated that a temporary denial of his access to the catheter, if he was in fact denied access at all, constituted a deprivation of a serious medical need. More importantly, however, the plaintiff has failed to come forward with any evidence from which a trier of fact could conclude that McGonical possessed a sufficiently culpable state of mind to be held liable under the legal standard relating to such claims. Interpreted in the light most favorably to the plaintiff, the record reflects that while there may have been some initial confusion as to the hospital discharge orders as they pertained to the plaintiff, a timely inquiry was made and appropriate care was

---

[5] The record reflects that the notation in the medical notes to the effect that the catheter would be kept at the cell block post was made by "M. Clark R.N." (Docket No. 28, Exhibit K).

provided to the plaintiff by McGonigal.  The record in this case could not, as a matter of law, support a finding that McGonigal had actual knowledge that Bell faced a substantial risk of serious harm and failed to take action to address the matter.

In sum, the plaintiff has failed to establish a triable issue of material fact with respect to his claims of inadequate medical care on the part of McGonigal.

## Conclusion

Based upon the above, the defendants' motion for summary judgment is granted and the complaint is dismissed in its entirety.  The Clerk of the Court is directed to close this case.

So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
March 27, 2006